CHAD E. NYDEGGER, (BAR #9964); Email: cnydegger@wnlaw.com
DAVID R. TODD, (BAR #8004); Email:  dtodd@wnlaw.com
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for* DIRTT ENVIRONMENTAL SOLUTIONS LTD.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS LTD., a Canadian corporation<br><br>Plaintiff,<br><br>v.<br><br>ALLSTEEL INC., an Illinois corporation<br><br>Defendant. | Civil Action No. 2:15-cv-00123-PMW<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DIRTT Environmental Solutions Ltd. complains and alleges against Defendant Allsteel Inc. as follows:

## PARTIES

1. Plaintiff DIRTT Environmental Solutions Ltd. ("DIRTT") is a Canadian Corporation having a principal place of business at 7303 – 30th Street, S.E., Calgary, Alberta, Canada.

2. Upon information and belief, Defendant Allsteel Inc., aka ONE from HNI, ("Allsteel") is an Illinois corporation with its principal place of business at 2210 Second Avenue, Muscatine, Iowa 52761.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement brought by Plaintiff DIRTT for patent infringement committed by Defendant Allsteel arising under the patent laws of the United States, and more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284 and 285. Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4. DIRTT operates a place of business located at 4001 South 700 East, Suite 450, Salt Lake City, Utah 84025.

5. Upon information and belief, Defendant Allsteel has transacted business, contracted to supply goods or services, and caused injury within the state of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the state of Utah, and is therefore subject to the jurisdiction of this court pursuant to Fed.R.Civ.P. 4(k)(1)(A) and § 78B-3-205, Utah Code Ann.

6. On information and belief, Allsteel's business transactions within the state of Utah include the sale, offer to sell, and distribution of Allsteel's products, including Allsteel's Beyond® line of products at issue in this case, via various authorized dealers listed on the Dealer Locator page of Allsteel's website at http://cms.allsteeloffice.com/dealer-sales-rep-locator/. Allsteel's list of authorized dealers includes Desks Inc. of Utah, MBI Inc., and Business Interiors by Staples, each of which is identified as being located in Salt Lake City, Utah.

7. This Court has personal jurisdiction over Allsteel because the infringement alleged in this Complaint arises out of and/or relates to Allsteel's continuous and systematic contacts with this State. Upon information and belief, Allsteel: (1) intentionally markets and provides its products to residents of this State, including Allsteel's Beyond® line of products; (2)

intentionally avails itself of the laws of this State by entering into ongoing contractual relationships with authorized dealers who market and sale Allsteel's products to residents of this State; and (3) enjoys substantial income from the sales of Allsteel's products to residents of this State.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

9. On September 27, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,024,901 ("the '901 patent"), bearing the title "Integrated Reconfigurable Wall System." A true and correct copy of the '901 patent is attached hereto as Exhibit A.

10. DIRTT is the owner by assignment of the '901 patent.

11. DIRTT is North America's leading manufacturer of modular architectural solutions and owns various intellectual property rights related to unique systems, designs, products, and processes for modular wall systems. DIRTT also owns a number of patents (utility and design) in the modular wall industry, including the '901 patent. DIRTT's intellectual property represents significant expenditures in research and development over many years in the fields of modular wall products, architectural designs, and processing.

12. Upon information and belief, Defendant Allsteel manufactures, distributes and sells modular wall products, including Allsteel's Beyond® line of modular wall systems (the "Accused Products").

13. Upon information and belief, the Accused Products infringe, either literally or under the doctrine of equivalents, the integrated reconfigurable wall systems claimed in one or

more claims of the '901 patent. The Accused Products and Allsteel's marketing materials for the same evidence Allsteel's infringement of the '901 patent.

14. Upon information and belief, Allsteel packages the Accused Products with instructions for their installation and use. Upon information and belief, Allsteel provides installers of the Accused Products with training and/or instructions to ensure that the Accused Products are installed correctly and safely with the intent and expectation that the installers will follow those instructions. Allsteel's installation training and/or instructions provide further evidence of Allsteel's infringement of the '901 patent.

15. In connection with the filing of this Complaint, DIRTT is notifying Allsteel of the '901 patent and demanding that Allsteel cease and desist all infringement of the '901 patent.

## CLAIM FOR RELEIF

## INFRINGEMENT OF U.S. PATENT NO. 8,024,901

16. DIRTT hereby realleges and incorporates by reference the allegations of paragraphs 1-15 of this Complaint into this Claim for Relief as though fully set forth herein.

17. Defendant Allsteel has made and/or sold and continues to make and/or sell modular wall systems, including at least the Accused Products, that infringe either literally or under the doctrine of equivalents, one or more claims of the '901 patent, including at least claim 1 of the '901 patent, without license or authority from DIRTT and in violation of DIRTT's rights, thereby directly infringing the '901 patent.

18. The Accused Products have no substantial use other than to be installed and used in a manner that infringes at least claim 1 of the '901 patent. On information and belief, Allsteel has knowledge of the '901 patent and has knowledge that the Accused Products has no

substantial use other than to be installed and used in a manner that infringes at least claim of the '901 patent.  At the very least, Allsteel will have the requisite knowledge of the '901 patent as soon as it is informed about this Complaint. As a result, Allsteel has contributorily infringed at least claim 1 of the '901 patent under 35 U.S.C. § 271(c).

19. Allsteel encourages and intends for its customers and/or installers within the United States to install and use the Accused Products in a manner that directly infringes at least claim 1 of the '901 patent.  Among other things, Allsteel provides training and/or instructions to customers and/or installers of the Accused Products such that when the Accused Products are installed and used in accordance with the training and/or instructions the Accused Products infringe at least claim 1 of the '901 patent.  On information and belief, Allsteel has knowledge of the '901 patent and has knowledge that the Accused Products infringe at least claim 1 of the '901 patent when the Accused Products are installed and used in accordance with Allsteel's training and instructions.  At the very least, Allsteel will have the requisite knowledge of the '901 patent as soon as it is informed about this Complaint. As a result, Allsteel has actively induced infringement of the '901 patent under 35 U.S.C. § 271(b).

20. Upon information and belief, Allsteel has had actual notice of the existence of the '901 patent, and despite such notice continues to willfully, wantonly and deliberately engage in acts of infringement as that term is defined in 35 U.S.C. § 271, without regard to the '901 patent, and will continue to do so unless otherwise enjoined by this Court.  At the very least, Allsteel's infringement will be willful as soon as it is informed about this Complaint and continues to infringe thereafter.

21. Allsteel's Accused Products compete directly with DIRTT's patented products covered by the '901 patent. DIRTT has been and will continue to be damaged by the infringing conduct of Allsteel in an amount to be established upon proper proof at trial. Further, the harm to DIRTT arising from acts of infringement of the '901 patent by Allsteel is not fully compensable by money damages, but rather, results in irreparable harm to DIRTT.

## PRAYER FOR RELIEF

WHEREFORE, DIRTT demands a judgment in its favor and demands the following relief:

A. For judgment holding Allsteel liable for infringement of the '901 patent;

B. For a preliminary and permanent injunction enjoining Allsteel, their officers, agents, servants, employers and attorneys, and all other persons in active concert or participation with them from further infringement of the '901 patent;

C. That Allsteel be ordered to destroy all Accused Products deemed to infringe the '901 patent;

D. For an award to DIRTT of its damages, and that such damages be trebled in view of the willful and deliberate nature of Allsteel's infringement of the '901 patent;

E. That this be declared an exceptional case, and that DIRTT be awarded its attorneys' fees;

F. For an award of DIRTT's costs of this action; and

G. For such other and further relief as this court deems DIRTT may be entitled in law and in equity.

## JURY DEMAND

Plaintiff DIRTT demands a trial by jury on all issues triable to a jury as a matter of right.

DATED this 25th day of February, 2015.

            WORKMAN NYDEGGER

            By    /s/*Chad E. Nydegger*
                CHAD E. NYDEGGER
                DAVID R. TODD

            Attorneys for Plaintiff DIRTT Environmental Solutions Ltd.