# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTEEL INC., an Illinois corporation,<br><br>Defendant. | Case No. 2:15-cv-00123-PMW<br><br>**MEMORANDUM AND ORDER**<br><br>Magistrate Judge Paul M. Warner |

Before the court are Defendant Allsteel Inc.'s ("Defendant") motion for extension of time[1] to respond to Plaintiff Dirtt Environmental Solutions, Ltd.'s ("Plaintiff") complaint and Defendant's ex parte motion to expedite briefing on the motion for extension of time.[2] On April 21, 2015, Plaintiff filed its response to the motion for extension of time.[3]

The behavior giving rise to the current motions can only be characterized as pettiness and will not be tolerated by this court. Counsel has an obligation to be civil, which includes granting reasonable extensions of time and waiving procedural formalities, when no real or substantial prejudice results to their client. Rule 14-301 of the Utah Supreme Court Rules of Professional Practice provides standards which "should be followed by all judges and lawyers in all interactions with each other and in any proceedings in Utah." Paragraph 17 of Rule 14-301

---

[1] Docket no. 8.
[2] Docket no. 9.
[3] Docket no. 13.

states: "Lawyers shall agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."

Rule 14-301 further states:

> A lawyer's conduct should be characterized at all times by *personal courtesy* and professional integrity in the fullest sense of those terms. In fulfilling a duty to represent a client vigorously as lawyers, *we must be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner.*

(emphasis added).

Given that this case is in its early stages, the court will overlook the actions of counsel this one time. Going forward, all parties and their counsel are on notice that, barring real prejudice, the court requires mutual courtesy that avoids wasted time and resources.

IT IS HEREBY ORDERED that that Defendant's motion for extension of time is GRANTED. Defendant's deadline to respond to Plaintiff's complaint is May 27, 2015. In light of Defendant's filing its response, Defendant's ex parte motion to expedite briefing is DENIED as moot.

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge